TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

LEILANI DOKTOR, admitted to HI Bar
E-Mail: leilani.doktor@usdoj.gov
150 M Street NE
Washington, D.C. 20002
Tel: (202) 305-0447 / Fax: (202) 305-0506
leilani.doktor@usdoj.gov
CLARE BORONOW, admitted to MD bar
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1362 / Fax: (303) 844-1350
clare.boronow@usdoj.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br><br><br> U.S. BUREAU OF LAND MANAGEMENT, et al., <br><br> Defendants. | Case No. 2:20-cv-00371-DSF <br><br> **STIPULATED SETTLEMENT AGREEMENT** |

Plaintiffs, State of California ("State Plaintiff") and Center for Biological Diversity, Central California Environmental Justice Network, Los Padres ForestWatch, National Parks Conservation Association, Natural Resources Defense Council, Patagonia Works, Sierra Club, and The Wilderness Society ("Environmental Plaintiffs"), and Federal Defendants, the United

1

STIPULATED SETTLEMENT AGREEMENT
*Center for Biological Diversity v. BLM*, Case No. 2:20-cv-00371-DSF

States Bureau of Land Management ("BLM"), the United States Department of the Interior, Debra Haaland in her official capacity as Secretary of the Interior, and Karen Mouritsen in her official capacity as BLM California State Director (collectively "the Parties"), hereby enter into this Settlement Agreement for the purpose of resolving this lawsuit without further judicial proceedings. The Parties hereby state as follows:

WHEREAS, on December 22, 2014, BLM approved the Resource Management Plan ("2014 RMP") and accompanying Final Environmental Impact Statement ("2012 EIS") for the Bakersfield Field Office, which identified approximately 400,000 acres of public lands and 1.2 million acres of federal mineral estate available for oil and gas leasing;

WHEREAS, on June 10, 2015, Center for Biological Diversity and Los Padres ForestWatch filed a complaint for declaratory and injunctive relief challenging the 2014 RMP and 2012 EIS, alleging that the 2012 EIS failed to disclose and adequately analyze the environmental impacts of approving the 2014 RMP, including impacts from hydraulic fracturing (or "fracking"), in violation of the National Environmental Policy Act ("NEPA");

WHEREAS, on September 6, 2016, this Court issued an order on summary judgment finding BLM's 2012 EIS failed to take a "hard look" at the environmental impacts of fracking in the 2014 RMP (*ForestWatch v. BLM*, No. 2:15-cv-04378-MWF/JEM (C.D. Cal.));

WHEREAS, on May 3, 2017, the Court approved a settlement agreement in which the parties agreed to partial remand without vacatur of the record of decision adopting the 2014 RMP, and BLM agreed to prepare supplemental NEPA documentation to address the deficiencies identified by the Court and to issue a new decision document to amend or supersede the existing record of decision to the extent determined necessary or appropriate by BLM;

WHEREAS, on November 1, 2019, BLM published the Notice of Availability of the Final Supplemental Environmental Impact Statement ("2019 SEIS") analyzing the effects of fracking in the 2014 RMP;

WHEREAS, on December 12, 2019, BLM issued a Record of Decision ("2019 ROD") approving the 2019 SEIS, which supplemented the 2012 EIS but did not change any decisions reached in the 2014 record of decision, reaffirming the portions of the 2014 record of decision that BLM evaluated in the partial remand, and stating that the 2014 RMP remains in effect;

WHEREAS, on January 14, 2020, Environmental Plaintiffs filed a Complaint for declaratory and injunctive relief against the Federal Defendants challenging the 2019 ROD and alleging that the 2019 SEIS did not take a hard look at the impacts of fracking on groundwater, air quality, greenhouse gas emissions and the climate, seismicity, recreational uses, national park units and other public land, human health, and environmental justice communities, and did not provide a meaningful response to public comments, all in violation of NEPA;

WHEREAS, on January 17, 2020, State Plaintiff filed a Complaint for declaratory and injunctive relief against the Federal Defendants challenging the 2019 ROD and alleging that the 2019 SEIS did not take a hard look at impacts under NEPA, consider additional alternatives, discuss feasible mitigation measures for impacts on special status species, or consider conflicts with state policies, and was issued without an adequate opportunity for public comment in violation of NEPA;

WHEREAS, on April 2, 2020, the cases were consolidated, ECF No. 18;

WHEREAS, on January 22, 2021, Plaintiffs filed their motions for summary judgment and memorandums in support, ECF No. 59 and 60;

WHEREAS, following Plaintiffs' summary judgment filings, the Parties entered into settlement negotiations to conserve the Parties' and judicial resources and resolve this lawsuit without further litigation; and

WHEREAS, the Parties, through their authorized representatives, and without any admission or adjudication of the issues of fact or law, have reached a settlement resolving the claims in this case;

THEREFORE, the Parties enter this Settlement Agreement ("Agreement") and stipulate as follows:

1. The Parties agree to BLM's voluntary remand without vacatur of the 2019 ROD to allow Federal Defendants to reconsider the 2019 ROD.

2. During remand, Federal Defendants agree to prepare a supplement to the 2019 SEIS pursuant to NEPA. Following issuance of the supplemental NEPA analysis, Federal Defendants agree to issue a new decision document. The new decision document will amend or supersede the 2019 ROD to the extent determined necessary or appropriate by Federal Defendants.

3. In preparing the supplement and new decision contemplated in Paragraph 2, Federal Defendants agree to consider whether to amend the 2014 RMP.

4. Federal Defendants agree that the supplement to the 2019 SEIS may tier to the 2019 SEIS and/or the 2012 EIS for the Bakersfield Field Office planning area in accordance with 40 C.F.R. §§ 1502.20 and 1508.28 (1978).

5. Federal Defendants agree to apply the 1978 Council on Environmental Quality regulations implementing NEPA in preparing the supplement to the 2019 SEIS, to the extent consistent with law.

6. Pending issuance of the new decision contemplated in Paragraph 2, Federal Defendants agree to defer any oil or gas lease sales within the Bakersfield Field Office planning area.

7. Pending issuance of the new decision contemplated in Paragraph 2, Federal Defendants agree to follow their regulations and policy for public notice prior to approving any applications for permit to drill ("APDs") within the Bakersfield Field Office planning area.

8. In the preparation of the supplement to the 2019 SEIS, Federal Defendants agree to comply with all relevant requirements of NEPA, including requirements for public notice and comment. As part of the public notice and comment process, Federal Defendants agree to:

    a) hold at least one live meeting for members of the public to provide input on the supplement to the 2019 SEIS[1];

    b) provide a Spanish translator at any live meeting if specifically requested of the BLM project manager at least 30 days before the meeting by or on behalf of an individual needing translation services;

    c) provide, for any live meeting, a transcription of the meeting in Spanish within a reasonable time after the meeting concludes if specifically requested of the BLM project manager in a timely

---

[1] A "live meeting" may occur in person and/or virtually.

5

STIPULATED SETTLEMENT AGREEMENT
*Center for Biological Diversity v. BLM*, Case No. 2:20-cv-00371-DSF

     manner by or on behalf of an individual needing translation services;

  d) prepare in Spanish certain documents notifying the public of opportunities to engage in BLM's decisionmaking, including press releases, public PowerPoints, and other written communication materials announcing to the public meeting(s) related to the preparation of the supplement to the 2019 SEIS, as well as any Executive Summary portion of the supplement;

  e) post in the Bakersfield Field Office public room, within a reasonable time, any notices or notice of the availability of documents translated into Spanish pursuant to Paragraph 8;

  f) make copies of any notices or documents translated into Spanish pursuant to Paragraph 8 available to individuals who request translated versions.

9. Federal Defendants further agree to translate the new decision (without attachments) to Spanish within a reasonable amount of time after the notice of availability of the English version is published in the Federal Register. Notwithstanding the commitments made in Paragraphs 8 and 9, the Parties agree that the English versions of translated documents are the governing versions of the documents and any error in translation may not be appealed or otherwise challenged in any venue.

10. The Parties agree that Federal Defendants are under no obligation to provide Spanish translation of any document or notice not identified in Paragraphs 8 or 9.

11. Pending issuance of the new decision for the supplement to the 2019 SEIS, Federal Defendants agree to file semiannual status reports regarding the status of the supplemental analysis beginning one year after the dismissal of the consolidated cases.

**Dismissal of Case and Additional Terms**

12. The Parties agree to submit to the Court the accompanying stipulation of dismissal and proposed order dismissing with prejudice both lawsuits (consolidated as Case No. 2:20-cv-00371) pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), provided that the Court shall retain jurisdiction solely for the purposes of enforcement, subject to the limitations described in Paragraphs 14 and 15. If the Court does not dismiss the case, this Agreement is voidable by any Party.

13. The terms of this Agreement shall become effective upon dismissal of these consolidated lawsuits by the Court.

14. The Parties agree that they will notify the Court within 14 days after Federal Defendants' issuance of the new decision document for the supplement to the 2019 SEIS. This Agreement, and the Court's jurisdiction over this case, shall terminate upon receipt of that notification.

15. Any challenge to the adequacy of the supplement and new decision required by this Agreement must take the form of a new civil action under

the judicial review provisions of the Administrative Procedure Act ("APA"), and may not be asserted as a claim for violation of this Agreement or in a motion to enforce the terms of this Agreement. Similarly, any challenge to the adequacy of a notice contemplated by Paragraph 7 must take the form of a new civil action under the judicial review provisions of the APA, and may not be asserted as a claim for violation of this Agreement or in a motion to enforce the terms of this Agreement. The Parties acknowledge that nothing in this Agreement limits Plaintiffs' right to challenge the new NEPA analysis and decision in a separate administrative or judicial action under the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, and that nothing in this Agreement limits Federal Defendants' rights to assert any applicable defenses.

16. In the event of a dispute arising out of or relating to this Agreement, or if any of the Parties believes another Party has breached its obligations under this Agreement, the Party raising the dispute or alleging breach shall provide the other Parties written notice and a reasonable opportunity to resolve the dispute or cure the alleged breach. The Parties agree that they will meet and confer (either telephonically or in person) within 30 days of being notified of a dispute in a good faith effort to resolve any disputes or alleged breaches. If the Parties are unable to resolve the dispute themselves, then the Parties may seek relief from this Court, subject to the limitations described in Paragraphs 14 and 15. The Parties agree that they will not seek contempt

STIPULATED SETTLEMENT AGREEMENT
*Center for Biological Diversity v. BLM*, Case No. 2:20-cv-00371-DSF

of court or money damages as an available remedy for any alleged violation of this Agreement.

17. Nothing in this Agreement shall be construed or offered as evidence by any Party in any proceeding as an admission to any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have.

18. Nothing in this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. This Agreement is executed for the purpose of settling Plaintiffs' complaints, and it is based on and limited solely to the facts involved in the consolidated cases.

19. Without waiving any defenses or making any admissions of fact or law, Federal Defendants agree to pay the Environmental Plaintiffs $10,000 to settle the Environmental Plaintiffs' claims for attorneys' fees and costs. The Environmental Plaintiffs agree to accept the $10,000 from Federal Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Environmental Plaintiffs reasonably incurred in this litigation through the signing of this Agreement. The United States may offset the payment amounts to account for any delinquent debts owed by each Payee to the United States pursuant to 31 U.S.C. §§ 3711, 3716. By this Agreement, Federal Defendants do not

waive any right to contest fees and costs claimed by Plaintiffs or Plaintiffs' counsel in any future litigation or continuation of the present action.

20. Within fourteen (14) business days after the effective date of this Agreement, the Environmental Plaintiffs' counsel will provide the following information necessary for Federal Defendants to process the electronic disbursement identified in the preceding paragraph: the payee's name and address, the payee's bank account number, the account type, the name of the payee's bank, the bank routing transit number, and the payee's tax identification number. Federal Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award within twenty (20) business days of the date of receipt by the Deputy State Director of Energy and Minerals in the California State Office of the BLM of the necessary information from the Environmental Plaintiffs or from the dismissal of these consolidated lawsuits, whichever is later.

21. Counsel for Federal Defendants agrees to notify counsel for Environmental Plaintiffs promptly when the electronic fund transfer is made. Counsel for Environmental Plaintiffs agrees to send confirmation of the receipt of the payment to counsel for Federal Defendants within fourteen (14) days of such notice.

22. So long as the payee receives payment from Federal Defendants, as provided in Paragraphs 19-21, Plaintiffs and their counsel, assigns, executors, and administrators agree to forever release, abandon, waive, and discharge the United States and Federal Defendants from any and all claims,

demands, damages, causes of action, or suits at law or equity to recover fees, costs, or expenses with respect to any aspect of this litigation.

23. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Federal Defendants take action in contravention of the APA, the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

24. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. This Agreement contains all the terms of agreement between the Parties concerning the Plaintiffs' complaints, and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

25. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each Party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

DATED: July 29, 2022

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Leilani Doktor*
LEILANI DOKTOR, admitted to HI Bar
United States Department of Justice
150 M Street NE
Washington, D.C. 20002
Tel: (202) 305-0447
Fax: (202) 305-0506
leilani.doktor@usdoj.gov

*/s/ Clare Boronow*
CLARE BORONOW, admitted to MD bar
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1362
Fax: (303) 844-1350
clare.boronow@usdoj.gov

*Attorneys for Defendants*

*/s/ Michelle Ghafar*
MICHELLE GHAFAR (CA Bar No. 315842)
mghafar@earthjustice.org
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
Tel: (415) 217-2000 / Fax: (415) 217-2040

ELIZABETH FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104
Tel: (213) 766-1067 / Fax: (415) 217-2040

*Counsel for National Parks Conservation Association, Natural Resources Defense Council, and The Wilderness Society*

*/s/ Elizabeth Jones*
ELIZABETH JONES (CA Bar No. 326118)

12

STIPULATED SETTLEMENT AGREEMENT
*Center for Biological Diversity v. BLM*, Case No. 2:20-cv-00371-DSF

1 | ljones@biologicaldiversity.org
2 | BRENDAN CUMMINGS (CA Bar No. 193952)
  | bcummings@biologicaldiversity.org
3 | Center for Biological Diversity
  | 1212 Broadway, Suite 800
4 | Oakland, CA 94612
5 | Tel: (310) 365-9281 / Fax: (510) 844-7150

6 | *Counsel for Center for Biological Diversity, Central California Environmental Justice Network, Los Padres ForestWatch, Patagonia Works, and Sierra Club*

8 | */s/ George Torgun*
9 | GEORGE TORGUN, SBN 222085
  | YUTING YVONNE CHI, SBN 310177
10 | Deputy Attorneys General
11 | 1515 Clay Street, 20th Floor
   | P.O. Box 70550
12 | Oakland, CA 94612
   | Tel: (510) 879-1002
13 | Fax: (510) 622-2270
14 | George.Torgun@doj.ca.gov
   | Yvonne.Chi@doj.ca.gov

16 | *Attorneys for the State of California*

STIPULATED SETTLEMENT AGREEMENT
*Center for Biological Diversity v. BLM*, Case No. 2:20-cv-00371-DSF